UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD E. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA,<br><br>Defendant. | Case No. 2:22-cv-00976-MMD-EJY<br><br>**ORDER AND**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF Nos. 1-1. |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and civil rights Complaint under 42 U.S.C. § 1983. ECF Nos. 1, 1-1.

**I.    *In Forma Pauperis* Application**

The Court finds Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) is complete and demonstrates an inability to pay fees and costs or provide security for them. ECF No. 1. However, because the Court recommends Plaintiff's Complaint be dismissed with prejudice, the Court denies Plaintiff's IFP application as moot.

**II.    The Screening Standard**

Upon granting a request to proceed *in forma pauperis*, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). Screening the complaint requires the Court to identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Summary of Plaintiff's Complaint

Plaintiff filed his § 1983 Complaint naming the State of Nevada and the State Attorney General as defendants. Plaintiff alleges Senate Bill No. 182 ("SB 182"), which established the Statute Revision Commission ("Commission") in 1951 to revise and compile Nevada Laws, was unconstitutional.[1] ECF No. 1-1 at 1. Plaintiff asserts his Sixth, Eighth, Twelfth, Thirteenth, and Fourteenth Amendment Rights were violated because the Commission violated the First and Tenth Amendments of the United States Constitution as well as the "Federal Voting Act." *Id*. at 4, 7. Plaintiff contends that SB 182 appointed three Nevada Supreme Court Justices to assist in the "revision and compilation of Nevada laws" and that these appointments violated the separation of powers because the Justices exercised legislative power by participating the "compilation of laws, and the revision of laws." *Id*. at 1-2. Plaintiff states these appointments violated the Due Process Clause, and Article 3 § 1 ("Distribution of Powers") and Article 1 § 10 ("Powers Denied States") of the U.S. Constitution. *Id*. at 4. Plaintiff also alleges the appointments violated Article 6 § 11 of the Nevada Constitution ("Justices and judges ineligible for other offices"). *Id*. Plaintiff contends that the Commission "revised and compiled defective instruments" including, but not limited to "charging documents and [the] judgment of convictions" in his case. *Id*. Plaintiff argues that "invalid ball[o]ts" were distributed to Nevadans who, in turn, illegitimately voted for the judge who

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of Chapter 304, Statutes of Nevada 1951 (subsequently amended by Chapter 280, Statutes of Nevada 1953 and Chapter 248, Statutes of Nevada 1955). Legislative Counsel's Preface to Nevada Revised Statutes, at 1(Nev. L. Libr. 2014-2020); Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us). The Commission, now subsumed by the Legislative Counsel Bureau, was created to organize laws to ensure the Nevada Revised Statutes are arranged in a consistent, logical order. *Taylor v. State*, 472 P.3d 195, 5 (Nev. 2020).

convicted him thereby rendering the authority of that judge void. *Id*. Plaintiff states any actions taken by the Commission from 1951 to the date of his conviction were unconstitutional and, thus, should be treated as if they "never existed!" *Id*. at 3 (emphasis in original). Plaintiff asks the Court to vacate his "defective" conviction, remove and "no longer enforce" SB 182, and bring federal charges against "every authority that was put on notice" that SB 182 was unconstitutional. *Id*. at 9.

IV.    **Analysis of Plaintiff's Complaint**

Plaintiff improperly challenges the status of his conviction through his § 1983 Complaint. The proper vehicle for Plaintiff's requested relief is an application for a writ of habeas corpus under 28 U.S.C. § 2254. *See Sharma v. Arizona*, Case No. 2:18-cv-02087-APG-GWF, 2019 WL 3806644 (D. Nev. July 25, 2019) (citing *Smithart v. Towery*, 79 F.39 951, 952 (9th Cir. 1996) (a prisoner "may challenge the validity of his arrest, prosecution, and conviction only by writ of habeas corpus")). When analyzing which types of claims can be brought under 42 U.S.C. § 1983, the Supreme Court holds that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). A prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. For this reason, Plaintiff's relief in the form of a vacation of his allegedly "deficient conviction" is not properly before the Court.

Likewise, Plaintiff's separation of powers argument arising from SB 182 fails. The Supreme Court of Nevada recently considered an argument similar to that which Plaintiff makes here. In *Taylor v. State*, a prisoner argued his counsel was ineffective because his trial and appellate counsel did not challenge the constitutionality of SB 182. *Id*. at 5. The Nevada Supreme Court held that the Commission and its members did not exercise any legislative power or function and rejected the prisoner's argument because he could not show the Nevada Supreme Court Justices or the Commission were "involved the continuous exercise, as part of the regular and permanent administration of the government, of a public power, trust or duty." *Id*. at 5. (internal citations omitted). Thus, the court in *Taylor* held the prisoner did not demonstrate how the Commission

"improperly encroached upon the powers of another branch of government, violating the separation of powers." *Id*.

Plaintiff's Complaint is deficient for the same reasons. Plaintiff repeatedly argues the State of Nevada violated the "mandated constitutional doctrine" of the separation of powers because the Commission permitted three Nevada Justices to "[do] legislative act[s] like revision and compilation of laws." ECF No. 1-1 at 3. Plaintiff fails to show how the Commission improperly encroached upon the powers of another branch of government. Further, even if Plaintiff could plausibly demonstrate that the Commission violated the separation of powers, Plaintiff cannot raise § 1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991); NRS § 41.031(3).

**V.     Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED as moot.

**VI.    Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice.

Dated this 21st day of July, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)