UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD E. JACKSON,<br><br>       Plaintiff,<br>  v.<br>STATE OF NEVADA,<br><br>       Defendant. | Case No. 2:22-cv-00976-MMD-EJY<br><br>ORDER |

*Pro se* Plaintiff Donald E. Jackson, who is incarcerated at Southern Desert Correctional Center, brings this action against Defendant State of Nevada under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge Elayna J. Youchah's Report and Recommendation (ECF No. 3 ("R&R")), recommending that the Court dismiss Jackson's Complaint (ECF No. 1-1) with prejudice. Jackson timely filed an objection (ECF No. 4 ("Objection")) to the R&R. As further explained below, the Court overrules Jackson's Objection, and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Jackson filed his Objection. (ECF No. 4.)[1]

Jackson specifically objects[2] to Judge Youchah's recommendation that the Court dismiss the Complaint because Jackson is improperly challenging his conviction under

---

[1] The Court incorporates by reference and adopts Judge Youchah's recitation of Jackson's allegations in the R&R. (ECF No. 3 at 2-3.)

[2] As to the remaining portions of the R&R that Jackson did not object to, the Court adopts them because the Court finds that Judge Youchah did not clearly err.

42 U.S.C. § 1983, rather than through an application for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF Nos. 3 at 3, 4 at 1.) To start, Jackson argues that he is only challenging the constitutionality of Senate Bill ("SB") 182 because there is already a 2019 order of reversal and remand in his criminal case, which invalidates his prior conviction. (ECF No. 4 at 7.) The Court disagrees. Whether or not such an order exists in his criminal case is irrelevant here, because Jackson is still incarcerated and asking the Court to vacate his sentence in the Complaint. (ECF No. 1-1 at 9.) Jackson explicitly argues that the judgment of conviction is a "defective instrument" because it is derived from the "facially unconstitutional" SB 182. (*Id*. at 1, 4.) He likewise argues that the judge in his criminal case "was never voted for" because the voting ballots were defective and invalid instruments. (*Id*. at 4.) Hence, Jackson asks the Court to "vacate his sentence under [the] defective judgment of conviction." (*Id*. at 9.) Given Jackson's allegations and requested relief, the Court finds that he is indeed challenging a "fact or duration of his physical imprisonment," and seeking earlier release, which falls under "the core of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, Jackson's sole remedy is a writ of habeas corpus—not a § 1983 action. *See Preiser*, 411 U.S. at 500.

Next, Jackson argues that Judge Youchah's recommendation "amounts to fraud" because she intentionally misconstrued his claims as challenges to his conviction.[3] (ECF No. 4 at 7-9.) The Court disagrees. As explained above, the Court already found that Judge Youchah is correct, and that Jackson *is* challenging the legality or duration of his confinement. (ECF No. 1-1.) Moreover, adverse rulings "are not proof of bias or fraud." *In re Complaint of Judicial Misconduct*, 838 F.3d 1030 (9th Cir. 2016); *see also In re*

---

[3]In his Objection, Jackson also requests that Judge Youchah recuse herself from the case because she failed to uphold her oath of office. (ECF No. 4 at 11.) This is not the proper medium or avenue to raise such concerns. While the Court cannot give Jackson legal advice, if Jackson nonetheless wishes to make a complaint of judicial misconduct, the proper procedure is outlined on the Ninth Circuit Court of Appeals website. *See Guidelines for Judicial Misconduct or Disability Complaints*, 9th Cir., https://www.ca9.uscourts.gov/misconduct/guidelines/ (lasted visited Sept. 30, 2022).

*Complaint of Judicial Misconduct*, 900 F.3d 1163, 1166 (9th Cir. 2018) ("adverse rulings are not proof of misconduct, and complainants provide no objectively verifiable evidence to support these vague and conclusory allegations"). Thus, the Court agrees with Judge Youchah and finds that Jackson's Complaint must be dismissed with prejudice, as amendment is futile.

It is therefore ordered that Jackson's objection (ECF No. 4) to Judge Youchah's Report and Recommendation (ECF No. 3) is overruled.

It is further ordered that Judge Youchah's Report and Recommendation (ECF No. 3) is adopted in full.

It is further ordered that Jackson's objection (ECF No. 9) to Judge Youchah's order (ECF No. 8) and the motion for relief (ECF No. 7) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 3rd Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE